UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 23-65-DLB

MATTHEW JOSEPH KIRKMAN                                            PLAINTIFF

v.                    **MEMORANDUM OPINION AND ORDER**

MASON CO. DET. CENTER, et al.                                 DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Matthew Joseph Kirkman is currently confined at the Mason County Detention Center ("MCDC") located in Maysville, Kentucky. Proceeding without an attorney, Kirkman has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the MCDC and various officials at the MCDC in their respective official capacities (Doc. # 1) and a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (Doc. # 2).[1] However, Kirkman's fee motion is not supported by a certified copy of his inmate trust fund account statement as required by 28 U.S.C. § 1915(a)(2). For this reason, it will be **denied**.

Even so, the Court will proceed with conducting a preliminary review of Kirkman's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Kirkman's

---

[1] Kirkman originally filed his complaint in the United States District Court for the Western District of Kentucky. However, after that Court determined that proper venue lies in the Eastern District of Kentucky, the case was transferred here. (Doc. # 5).

1

complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). However, a complaint must set forth claims in a clear and concise manner, and "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010); *see also* Fed. R. Civ. P. 8. In addition, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. Thus, vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

In his complaint, Kirkman alleges makes a variety of allegations related to the conditions of his confinement at MCDC, including that he has filed grievances with the Jail and talked to various staff members regarding how he has been treated; that Deputy Lawhun made him "place hands on the wall while naked and spreading my legs which was uncalled for;" that "they have made many false reports to have me placed in segregation;" and that Deputy Rhonda constantly looked through the window while Kirkman was naked. (Doc. # 1 at 4). He also refers to retaliation and claims that "[t]hey also denied my rights to freedom of religion by taking my Bible away and Daily

2

devotional/Daily Bread." (*Id*. at 5). As relief, he requests $200,000.00 in monetary damages and to be released on parole. (Doc. # 6).

However, Kirkman's complaint will be dismissed on initial screening for failure to state a claim for which relief may be granted. As Defendants, Kirkman names the MCDC and staff members Sgt. James Linville, Thadious Lawhun, Deputy Rhonda, Deputy Logan, and Lt. Gerald Curtis, each in their respective official capacities only. (Doc. # 1 at 1-3). However, the MCDC is not a suable entity apart from the county that operates it. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). Even if the Court were to construe Kirkman's claims as being alleged against Mason County, because a county government is only responsible under 42 U.S.C. § 1983 when its employees cause injury by carrying out the county's formal policies or practices, a plaintiff must specify the county policy or custom which he alleges caused his injury. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978); *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Kirkman points to no such policy in the complaint; thus, he fails to state a claim for relief against Mason County. *Id*.; *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014).

Nor does Kirkman plead a viable constitutional claim against Linville, Lawhun, Deputy Rhonda, Deputy Logan, or Curtis in their "official" capacities. An "official capacity" claim against a government official is not a claim against the officer arising out of their conduct as an employee of the government but is actually a claim directly against the governmental agency which employs them. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-

3

capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted).  Thus, claims against MCDC officials in their "official" capacities as employees of Mason County are construed as claims against the county.  However, Kirkman does not allege that any of the actions alleged in the complaint were taken pursuant to an established policy of Mason County, thus he fails to state a claim for relief against any of the individual Defendants in their official capacities.

While the Court construes *pro se* pleadings with some leniency, it cannot create claims or allegations that the plaintiff has not made.  *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading."). Kirkman's failure to adequately allege a claim for relief against a viable defendant does not gives this Court license to create these allegations on his behalf.  *Kirkman v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf." ) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

For all of these reasons, Kirkman's complaint will be dismissed on initial screening for failure to state a claim for which relief may be granted.

Accordingly, it is hereby **ORDERED** as follows:

(1) Kirkman's motion to proceed *in forma pauperis* (Doc. # 2) is **DENIED**;

(2) Kirkman's Complaint (Doc. # 1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted;

(3) This matter is **DISMISSED** and **STRICKEN** from the Court's docket; and

(4)     Judgment shall be entered contemporaneously herewith.

This 13th day of July, 2023.



K:\DATA\ORDERS\PSO Orders\23-65 Memorandum.docx

5